UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAF, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) No. 17 C 5035 |
| v. | ) |
| | ) Chief Judge Rubén Castillo |
| DEPARTMENT OF VETERANS AFFAIRS, | ) |
| | ) |
|       **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

LAF ("Plaintiff") filed this lawsuit to enjoin the U.S. Department of Veterans Affairs' ("Defendant") alleged practice of processing requests for information submitted pursuant to both the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 522a, exclusively under the Privacy Act. (R. 17, Am. Compl.) Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant moves to dismiss this case for lack of subject-matter jurisdiction and failure to state a claim, respectively. (R. 18, Mot. at 1.) For the reasons stated below, the Court denies Defendant's motion.

## BACKGROUND

Plaintiff is a nonprofit organization that provides free legal services to persons living in poverty. (R. 17, Am. Compl. ¶ 6.) Within Plaintiff's organization are four attorneys who provide legal services to veterans living in Illinois and who regularly request records maintained by Defendant. (*Id.*) Defendant is a federal agency that maintains records concerning veterans and benefits claimed by veterans. (*Id.* ¶ 7.)

On February 16, 2017, Plaintiff sent a request for information to Defendant pursuant to both FOIA and the Privacy Act on behalf of Rebecca Moss ("Moss"), a veteran, seeking all documents in her "VA claims folder." (R. 17-1, Feb. 16, 2017, FOIA/Privacy Act Request at 1.) On March 8, 2017, Defendant acknowledged that it received the request and informed Plaintiff that the request would be processed exclusively under the Privacy Act. (R. 17, Am. Compl. ¶ 14; R. 17-1, Def.'s March 8, 2017, Letter at 1-2.) On March 29, 2017, Plaintiff sent a letter to Defendant that objected to Defendant's decision to process Plaintiff's request for information only under the Privacy Act. (R. 17, Am. Compl. ¶ 16; R. 17-1, Pl.'s March 29, 2017, Letter at 1-2.) Plaintiff stated in its letter that Defendant was required to process the request under FOIA and the Privacy Act simultaneously. (R. 17-1, Pl.'s March 29, 2017, Letter at 1.) After receiving no response from Defendant, Plaintiff filed its initial complaint in this case on July 7, 2017. (R. 17, Am. Compl. ¶ 21.)

On September 1, 2017, Defendant sent Moss' claims file to Plaintiff as Plaintiff requested in its February 16, 2017, dual FOIA/Privacy Act request. (*Id.* ¶ 22.) Plaintiff claims that although Defendant provided Plaintiff with the information it requested concerning Moss, Defendant continues to process Plaintiff's requests for information only under the Privacy Act even though those requests are being made pursuant to both FOIA and the Privacy Act. (*Id.* ¶ 23.) Plaintiff alleges that Defendant has responded in a similar manner on five other occasions, and has taken the same approach for similar requests issued by other organizations throughout the United States. (*Id.* ¶¶ 24, 40.) Plaintiff avers that Defendant's processing of such requests only under the Privacy Act is part of a pattern or practice in which Defendant refuses to comply with FOIA and deprives Plaintiff of its rights under FOIA. (*Id.* ¶¶ 40-50.)

2

Plaintiff claims that this practice will impair access to Defendant's records. (*Id.* ¶ 45.)
Plaintiff allegedly has seven dual FOIA/Privacy Act requests pending with Defendant and
intends to issue another such request for one more client. (*Id.* ¶¶ 47-48.) Defendant allegedly
responded to three of the seven pending requests by stating that those requests would be
processed only under the Privacy Act. (*Id.*) Plaintiff expects that its other pending and future
requests for information will also be subjected to Defendant's alleged practice and processed
exclusively under the Privacy Act. (*Id.*)

## PROCEDURAL HISTORY

On July 7, 2017, Plaintiff and then-plaintiff Moss filed the initial complaint in this action
alleging that Defendant violated FOIA. (R. 1, Compl. ¶¶ 22-53.) On September 29, 2017,
Defendant moved to dismiss the complaint, arguing that the lawsuit was moot and that Plaintiff
and Moss failed to exhaust administrative remedies prior to bringing the lawsuit. (R. 11, Mot. at
1.) On October 11, 2017, the Court dismissed the initial complaint without prejudice and granted
Plaintiff leave to file an amended complaint. (R. 16, Min. Entry.) Thereafter, on November 10,
2017, Plaintiff filed an amended complaint. (R. 17, Am. Compl.)

The amended complaint terminated Moss as a plaintiff, and asserts one count against
Defendant that claims Defendant institutes a policy or practice of violating FOIA by processing
dual FOIA/Privacy Act requests exclusively under the Privacy Act. (*Id.* ¶¶ 27-51.) On December
1, 2017, Defendant filed the present motion to dismiss the first amended complaint. (R. 18. Mot.)
Defendant once again argues that the lawsuit is moot and that the Court lacks subject-matter
jurisdiction because Defendant provided Plaintiff with the information concerning Moss that it
requested. (R. 19, Mem. at 3.) In support, Defendant attaches the declaration of Richard Ivy
("Ivy"), the acting chief of Defendant's Records Management Center, stating that he delivered to

3

Plaintiff the requested documents concerning Moss. (R. 19-1, Ivy Decl. at 1.) Defendant also argues that Plaintiff fails to state a claim because Defendant lawfully processed Plaintiff's requests for information under the Privacy Act instead of FOIA. (R. 19, Mem. at 4-8.) Finally, Defendant contends that its alleged delay in providing information cannot, by itself, give rise to a pattern or practice of violating FOIA. (*Id.* at 8-10.)

In response, Plaintiff argues that Defendant's decision to process requests for information under the Privacy Act does not relieve Defendant of its obligation to comply with FOIA. (R. 22, Resp. at 4-13.) Plaintiff also submits that it sufficiently alleges a claim under FOIA because it alleges that Defendant wholly disavows of any obligation to comply with FOIA instead of simply delaying responses to FOIA requests. (*Id.* at 2-4.)

## LEGAL STANDARD

"Federal courts lack subject matter jurisdiction when a case becomes moot." *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011). Therefore, "[m]ootness is evaluated under Rule 12(b)(1)[.]" *A Custom Heating & Air Conditioning, Inc. v. Kabbage, Inc.*, No. 16 C 2513, 2017 WL 2619144, at *2-3 (N.D. Ill. June 16, 2017) (citation and internal quotation marks omitted). A motion to dismiss pursuant to Rule 12(b)(1) challenges this Court's subject-matter jurisdiction over the action. FED. R. CIV. P. 12(b)(1). Defendant's Rule 12(b)(1) motion is properly understood as a factual challenge to subject-matter jurisdiction because it relies on evidence—namely, Ivy's declaration—to show that Plaintiff's claim is moot. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) ("A factual challenge contends that there is in fact no subject matter jurisdiction, even if the pleadings are formally sufficient." (citation and internal quotation marks omitted)). "In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Id.*

"[A] plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

"A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) (citation and internal alteration omitted). "Although detailed factual allegations are unnecessary, the complaint must have 'enough facts to state a claim to relief that is plausible on its face.'" *Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "To rise above the speculative level of plausibility, the complaint must make more than threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017) (citation, internal alteration, and internal quotation marks omitted). In deciding a motion to dismiss under Rule 12(b)(6), however, the Court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

## ANALYSIS

### I. Mootness

As a threshold issue, Defendant argues that the case is moot because it produced Moss' claims file as Plaintiff requested. (R. 19, Mem. at 3.) Article III of the U.S. Constitution limits

5

federal courts to deciding live cases and controversies. *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017). "A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties." *Aslin v. Fin. Indus. Regulatory Auth., Inc.*, 704 F.3d 475, 477 (7th Cir. 2013). "Mootness commonly arises where a federal court becomes unable to award meaningful relief in the case." *Id.* In a FOIA lawsuit, "once the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot." *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 675 (7th Cir. 2009) (citation and internal alteration omitted); *see also Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 536 (7th Cir. 2005) (collecting cases).

Plaintiff does not dispute that Defendant produced the information that Plaintiff requested concerning Moss. (*Compare* R. 17, Mot. at 3, *with* R. 22, Resp. at 13-14.) Indeed, Defendant's declaration from Ivy, stating that he processed Plaintiff's request and delivered the responsive documents to Plaintiff, is unrebutted. (R. 19-1, Ivy Decl. at 1.) This case, therefore, is moot to the extent it seeks the production of Moss' claims file. *See Cornucopia Inst.*, 560 F.3d at 675; *Walsh*, 400 F.3d at 536.

Plaintiff, however, argues that this case is not entirely moot because the amended complaint goes beyond the request for Moss' claims file. (R. 22, Resp. at 13-14.) In Plaintiff's view, Defendant's production of Moss' claims file does not redress Defendant's alleged practice of responding to dual FOIA/Privacy Act requests only under the Privacy Act to avoid FOIA's requirements. (*Id.*) Plaintiff claims that Defendant has carried out this practice on several occasions. (R. 17, Am. Compl. ¶¶ 40-41.) Plaintiff also alleges that it has other dual FOIA/Privacy Act requests pending with Defendant, and that it expects that those requests "will also be subject to Defendant's impermissible policy or practice of refusing to process the

6

requests under FOIA." (*Id.* ¶¶ 47-48.) To remedy these alleged statutory violations, Plaintiff asks the Court to enjoin Defendant from processing dual FOIA/Privacy Act requests only under the Privacy Act. (*Id.* at 10.)

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation and internal quotation marks omitted). This occurs "when a party with standing at the inception of the litigation loses it due to intervening events." *Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 928 (7th Cir. 2013) (citation, internal alteration, and internal quotation marks omitted)). To establish Article III standing, Plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Gill v. Whitford*, No. 16-1161, 2018 WL 3013807, at *11 (U.S. June 18, 2018) (citation omitted). "Where . . . a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element" of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citation, internal alteration, and internal quotation marks omitted), *as revised* (May 24, 2016). "A plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right." *Id.* at 1553.

FOIA confers "jurisdiction to enjoin [a federal] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Therefore, under FOIA, "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "Judicial authority to devise

7

remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Id.*; *see also U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) ("Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements.").

An exception to the mootness doctrine, however, is that a defendant's voluntary cessation of illegal conduct does not render a case moot. *Equal Emp't Opportunity Comm'n v. Flambeau, Inc.*, 846 F.3d 941, 949 (7th Cir. 2017). "Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends." *Id.* (citation omitted). Thus, federal courts have jurisdiction to enjoin a policy or practice of unlawfully withholding or delaying information in response to FOIA requests even though a party's claim related to a specific FOIA request has become moot. *See Walsh*, 400 F.3d at 537 (considering "voluntary cessation" of unlawful conduct exception to mootness in a FOIA case, but finding that the plaintiff failed to satisfy this exception); *Matter of Wade*, 969 F.2d 241, 248 (7th Cir. 1992) ("Only if the case is capable of repetition yet evading review will production fail to moot the case."); *Evans v. U.S. Dep't of Interior*, 135 F. Supp. 3d 799, 833 (N.D. Ind. 2015) ("When a plaintiff has shown that an agency

has a 'pattern or practice' of violating FOIA's mandate, courts retain the equitable discretion to enjoin an agency from further violations.").[1]

Applying these principles here, this case is not moot because Plaintiff has a pending claim for injunctive relief that asks the Court to enjoin Defendant from continuing an alleged pattern or practice that violates FOIA and impairs Plaintiff's access to information under FOIA. *See Cornucopia Inst.*, 560 F.3d at 676 (observing that a FOIA claim is not mooted if the plaintiff demonstrates that a court's adjudication would affect the plaintiff in some way); *Evans*, 135 F. Supp. 3d at 833 ("The court has the equitable discretion to enjoin the Park Service from repeating the long delays that characterized Ms. Evans's interactions with the agency."). The Court also finds that Plaintiff has sufficiently established all of the requirements of Article III standing at this stage of the proceedings. Plaintiff alleges that Defendant has instituted a policy or practice of completely ignoring its responsibilities under FOIA, and further alleges that Defendant has ignored FOIA's requirements on several other occasions. (R. 17, Am. Compl. ¶¶ 40-48.) Plaintiff claims that it has pending FOIA requests with Defendant that will likely be subjected to the same practice, and that this practice of delaying information or not responding to

---

[1] The Court notes that U.S. Courts of Appeal outside of this Circuit have also generally interpreted FOIA and Article III to confer jurisdiction upon federal courts to enjoin a pattern or practice of unlawfully withholding or delaying information in response to FOIA requests even though a party's claim related to a specific FOIA request is mooted. *See, e.g., Hajro v. U.S. Citizenship & Immigration Servs.*, 811 F.3d 1086, 1103 (9th Cir. 2016) (noting that the Ninth Circuit has "recognized a pattern or practice claim for unreasonable delay in responding to FOIA requests" and that "a pattern or practice claim is not necessarily mooted by an agency's production of documents"); *Newport Aeronautical Sales v. Dep't of Air Force*, 684 F.3d 160, 164 (D.C. Cir. 2012) ("[E]ven though a party may have obtained relief as to a specific request under the FOIA, this will not moot a claim that an agency policy or practice will impair the party's lawful access to information in the future." (citation and emphasis omitted)); *Liverman v. Office of Inspector Gen.*, 139 F. App'x 942, 945 (10th Cir. 2005) (considering a claim premised on an agency's alleged pattern or practice of violating FOIA, but finding that such a claim was unsupported by the record); *Reg'l Mgmt. Corp. v. Legal Servs. Corp.*, 186 F.3d 457, 465-66 (4th Cir. 1999) (same); *cf. Pietrangelo v. U.S. Army*, 334 F. App'x 358, 360 (2nd Cir. 2009) ("This Court has not yet recognized or articulated the inquiry relevant to a pattern or practice claim in the FOIA context, but we need not do so here.").

FOIA requests by failing to abide by FOIA's procedures harms Plaintiff's ability to represent its clients. (*Id.*) These allegations permit the Court to draw a reasonable inference that Defendant is withholding responsive information or not adequately responding to FOIA and will do so in the near future, causing "real and immediate harm" to Plaintiff. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); *see also Kissinger*, 445 U.S. at 150; *Tax Analysts*, 492 U.S. at 151 n.12 (1989) ("Even when an agency does not deny a FOIA request outright, the requesting party may still be able to claim 'improper' withholding by alleging that the agency has responded in an inadequate manner."); *Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 8 (D.D.C. 2015) ("[U]nreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses." (citation omitted)). Because Plaintiff alleges an injury that is concrete and particularized to itself, fairly traceable to Defendant's alleged practice of ignoring FOIA requests, and is likely to be redressed by the requested injunctive relief, this case is not moot and Plaintiff has standing. *See Spokeo*, 136 S. Ct. at 1547-48. Accordingly, the Court denies Defendant's motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1).

## II.  Failure to State a Claim

Defendant alternatively argues that Plaintiff fails to state a claim under FOIA. (R. 19, Mem. at 4-10.) First, Defendant argues that the Court should dismiss Plaintiff's FOIA claim because Defendant properly processed Plaintiff's request under the Privacy Act instead of FOIA. (*Id.* at 4-8.) More specifically, Defendant maintains that a veteran's claims file is more appropriately processed under the Privacy Act because it contains "potentially sensitive medical documentation and financial information," and the Privacy Act allows individuals to access their own information in government records. (*Id.* at 4-5.) Plaintiff, however, alleges that Defendant is ignoring FOIA and its requirements. (R. 17, Am. Compl. ¶¶ 40-50.)

Generally, the Privacy Act aims to have federal agencies take precautions to keep personal information confidential, and it provides an individual with the right to access her records from a federal agency upon request, subject to certain statutory exemptions. *Big Ridge, Inc. v. Fed. Mine Safety & Health Review Comm'n*, 715 F.3d 631, 650 (7th Cir. 2013); *Bassiouni v. Fed. Bureau of Investigation*, 436 F.3d 712, 714-15 (7th Cir. 2006). FOIA more broadly provides that agencies "shall make records promptly available to *any person* who submits a request that (i) reasonably describes such records and (ii) is made in accordance with the agency's published rules." *Rubman v. U.S. Citizenship & Immigration Servs.*, 800 F.3d 381, 386 (7th Cir. 2015) (emphasis added, citation, internal alteration, and internal quotation marks omitted). Even if Defendant's records are covered by the Privacy Act, an agency presented with a FOIA request must comply with FOIA unless the requested records fall within one of FOIA's nine exemptions. *Milner v. Dep't of Navy*, 562 U.S. 562, 564 (2011); *see also Enviro Tech Int'l, Inc. v. U.S. Envtl. Prot. Agency*, 371 F.3d 370, 374 (7th Cir. 2004) (observing that, under FOIA, "[d]isclosure is required unless the requested record is clearly exempted from disclosure by the statute."); *Kearns v. Fed. Aviation Admin.*, No. CV 17-434 (JEB), 2018 WL 2223659, at *4 (D.D.C. May 15, 2018) ("[A] petitioner requesting documents under both FOIA and the Privacy Act is entitled to the cumulative result of what both statutes provide." (citation, internal quotation marks, and alteration omitted)). Indeed, the Privacy Act itself requires disclosure of any information that an agency must disclose pursuant to FOIA. 5 U.S.C. § 552a(b)(2) ("No agency shall disclose any record . . . unless disclosure of the record would be required under [FOIA][.]"); *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 491 (1994) (observing that the Privacy Act "does not bar disclosure of personal information if disclosure would be required under . . . FOIA" (citation and internal quotation marks omitted)).

Accordingly, the Court denies Defendant's motion to dismiss to the extent it argues that Plaintiff's FOIA requests may be processed exclusively under the Privacy Act.

Next, Defendant contends that even if it had a policy to process information only under the Privacy Act and ignore FOIA, FOIA exemptions three and six permit Defendant to withhold veterans claims files under FOIA and instead produce them pursuant to the Privacy Act. (R. 19, Mem. at 5-8.) Defendant bears the burden to show that veterans claims files are categorically exempt from FOIA. 5 U.S.C. § 552(a)(4)(B); *Nelson v. U.S. Army*, No. 10 C 1735, 2011 WL 710977, at *4 (N.D. Ill. Feb. 22, 2011) ("The burden of proof rests upon the government to demonstrate that any requested information falls within a particular FOIA exemption."). Because disclosure is FOIA's dominant objective, FOIA exemptions are "narrowly construed." *Milner*, 562 U.S. at 565; *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Defendant "must provide a 'detailed analysis' of the request and the reasons for invoking an exemption." *Antonelli v. Fed. Bureau of Investigation*, 721 F.2d 615, 617 (7th Cir. 1983); *see also Kozacky & Weitzel, P.C. v. U.S. Dep't of Treasury*, No. 07C2246, 2008 WL 2188457, at *2 (N.D. Ill. Apr. 10, 2008) (noting that an agency must "provide the court with an adequate factual basis for determining whether the documents withheld truly fall within one of FOIA's exemptions" (citation and internal quotation marks omitted)). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Manzke v. Ctrs. for Disease Control & Prevention*, No. 11 C 4680, 2012 WL 1108404, at *1 (N.D. Ill. Apr. 2, 2012) (citation omitted). "Once the agency meets this initial burden, the court will balance the agency's justification against the public interest in disclosure." *Antonelli*, 721 F.2d at 617.

At the pleadings stage, and without any affidavits or record evidence to ascertain the applicability of any FOIA exemptions, the Court cannot decide whether Defendant has carried its burden to justify the categorical application of FOIA exemptions three and six to veterans claims files in their entirety. *See Heartland All. Nat'l Immigration Justice Ctr. v. U.S. Dep't of Homeland Sec.*, No. 12 CV 9692, 2016 WL 693540, at *3 (N.D. Ill. Feb. 17, 2016) (explaining that "[a] district court may grant summary judgment," much less grant a motion to dismiss, "only if the agency affidavits describe the documents withheld and the justifications for nondisclosure in enough detail and with sufficient specificity to demonstrate that material withheld is logically within the domain of the exemption claimed." (citation omitted)), *aff'd*, 840 F.3d 419 (7th Cir. 2016). The Court, therefore, declines to dismiss Plaintiff's claims based on FOIA exemptions three and six.

Finally, Defendant argues that the Court should dismiss Plaintiff's claim for a pattern or practice that violates FOIA because Plaintiff only alleges that Defendant fails to respond within FOIA's prescribed time limits, which is not enough to state a FOIA "pattern or practice" claim. (R. 19, Mem. at 8-10.) According to Defendant, Plaintiff must allege a practice of withholding documents rather than simply delaying their release. (*Id.* at 8-9.) Plaintiff, however, does allege that Defendant instituted a practice under which Defendant ignores its FOIA obligations. (R. 17, Am. Compl. ¶¶ 40-50.) At this stage, Plaintiff need only allege that it requested agency records under FOIA and that Defendant inadequately responded to a FOIA request. *See Moore v. Fed. Bureau of Investigation*, 283 F. App'x 397, 398 (7th Cir. 2008) (finding that the plaintiff sufficiently stated a claim under FOIA by alleging that he had requested records under FOIA and that the government agency failed to respond to his request); *Tax Analysts*, 492 U.S. at 151 n.12 (observing that "[e]ven when an agency does not deny a FOIA request outright, the requesting

13

party may still be able to claim 'improper' withholding by alleging that the agency has responded in an inadequate manner"). Based on Plaintiff's allegations, the Court can draw a reasonable inference that Defendant's policy creates an immediate risk of Defendant inadequately responding to a FOIA request or withholding information—in addition to delaying the release of information—given that Plaintiff alleges that Defendant makes no FOIA inquiry whatsoever as to certain FOIA requests and instead only processes those requests under the Privacy Act. *See Tax Analysts*, 492 U.S. at 151 n.12; *Evans*, 135 F. Supp. 3d at 833 (finding that courts may enjoin an agency's pattern or practice of unreasonably delaying FOIA responses). Discovery is needed to bear out the practical effects of Defendant's alleged policy to ascertain whether Defendants are withholding or delaying the release of information in a way that violates FOIA.

Defendant likens this case to *Cause of Action Institute v. Eggleston*, 224 F. Supp. 3d 63, 72 (D.D.C. 2016), and *American Center for Law & Justice v. United States Department of State*, 249 F. Supp. 3d 275, 278 (D.D.C. 2017). The Court, however, does not find these cases analogous to the case at bar. In *Eggleston*, the court dismissed the plaintiff's claim related to a pattern or practice of violating FOIA because the plaintiff there alleged only a single incident of delay, and the plaintiff failed to allege any facts raising an inference that the defendant's delay in producing records was "wholly unjustified." *Eggleston*, 224 F. Supp. 3d at 72. In dismissing the plaintiff's complaint, the court noted that "the focus of the 'policy or practice' doctrine is conduct that is 'wholly unjustified.'" *Id.* at 74. Unlike *Eggleston*, Plaintiff has alleged a deliberate policy or practice leading to delayed responses and potential withholding of information in the immediate future. (R. 17, Am. Compl. ¶¶ 40-50.) Consequently, the Court

finds that it is premature to conclude that Defendant's practice is not "wholly unjustified." *See Eggleston*, 224 F. Supp. 3d at 72.

Nor is this case akin to *American Center for Law & Justice*, in which the court dismissed the plaintiff's complaint because it failed to allege a policy or practice underlying the agency's failure to abide by FOIA's deadlines. *Am. Ctr. for Law & Justice*, 249 F. Supp. 3d at 283. There, the court noted that "[d]elay based claims must . . . rely on some identifiable set of agency actions that is 'done to delay.'" *Id.* (citation omitted). Because the plaintiff failed to allege an agency practice or policy instead of the agency simply being understaffed or "well-meaning but inept," the court dismissed the plaintiff's pattern or practice claim. *Id.* at 283-84. Here, on the other hand, Plaintiff alleges that Defendant has purposefully instituted a policy that aims to ignore FOIA's deadlines rather than simply alleging delays based on a lack of resources or adequate training. (R. 17, Am. Compl. ¶¶ 40-50.) Additionally, as noted above, the Court can reasonably infer that Defendant's alleged practice puts plaintiff at immediate risk of not only suffering delay but also withholding of information subject to disclosure under FOIA. (*Id.*) Accordingly, *American Center for Law & Justice* is also inapposite and does not persuade the Court that dismissal is appropriate. The Court, therefore, denies Defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (R. 18) is DENIED. The parties shall appear for a status hearing on July 3, 2018, at 9:45 a.m. The parties are DIRECTED to reevaluate their settlement positions in light of this opinion and to exhaust all settlement possibilities prior to the status hearing.

15

ENTERED: *[signature]*
Chief Judge Rubén Castillo
United States District Court

Dated: June 27, 2018